IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAY R. HOLZWORTH,<br><br>                    Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER REMANDING CASE FOR FURTHER CONSIDERATION  AND STRIKING HEARING<br><br>Case No. 2:12-CV-916 BCW<br><br>Magistrate Judge Brooke Wells |

Plaintiff-appellant Jay Holzworth seeks review of the decision of the Commissioner of Social Security denying his claim for disability insurance benefits and supplemental security income.  The Court set oral argument in this matter for December 18, 2014.[1]  Having considered the parties' memoranda, the history of this case, and relevant law, the Court **STRIKES** the hearing set for December 18, 2014 and enters the following decision **REMANDING THIS MATTER** for further consideration.

The single issue in this case concerns the Administrative Law Judges' Step 5 decision[2] that Mr. Holzworth could perform other work in the national economy including the representative occupations of final assembler and cutter-paster.[3]  Pertinent to the Court's decision to remand is the procedural history in this case.  Mr. Holzworth  filed his applications for benefits in November 2008,[4] alleging that he became disabled in September 2007.[5]  After Plaintiff's claims were denied[6] an administrative law judge (ALJ) held a hearing in February

---

[1] Docket no. 26.
[2] For additional information about the five-step sequential evaluation process used in determining whether a claimant is disabled *see Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).
[3] Tr. 571.  Tr. refers to the transcript of the case record before the Court.
[4] Tr. 168.
[5] Tr. 141.
[6] Tr. 76, 82, 85.

2010[7] and issued a decision in April 2010 finding Plaintiff not disabled under the Act.[8]  The ALJ concluded at Step 5 that Mr. Holzworth could perform the occupations of final assembler and cutter-paster.[9]  Plaintiff then sought review of the 2010 decision.  The 2010 decision was remanded by the Court to the Social Security Appeals Council at the Commissioner's request.[10]  In that order the Court directed the Appeals Council to have an ALJ hold a supplemental hearing and issue a new decision.  Specifically, the Court ordered the re-evaluations of

> Plaintiff's residual functional capacity, particularly with regard to manipulative restrictions; further evaluate the opinions of Dr. McDermott (Exhs. 12F and 17F), Dr. Humphreys (Exh. 14F) and Dr. Taggart (Exh. 15F); explain the weight assigned to those opinions; and obtain evidence from a vocational expert.[11]

Pursuant to the Court's order, the Appeals Council remanded the first matter to the ALJ for further administrative proceedings and provided specific instructions.[12]  These instructions included the need to obtain

> supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base . . . .  The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole.  The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy.[13]

The ALJ held a second hearing in July 2012[14] and issued a second decision finding Plaintiff not disabled at Step 5 under the Act (2012 decision).[15]  The ALJ concluded that once again Mr. Holzworth could perform the occupations of final assembler and cutter-paster.  The Vocational Expert (VE) at the second hearing testified that Mr. Holzworth could perform the

---

[7] Tr. 27.
[8] Tr. 12.
[9] Tr. 19.
[10] Tr. 660.
[11] Tr. 661-62.  Order dated January 23, 2012, case no. 2:11-cv-396 SA, docket no. 22.
[12] Tr. 669-71.
[13] Tr. 671.
[14] Tr. 605
[15] Tr. 571.

occupation of "office helper"[16] but did not address the jobs of final assembler and cutter-paster. The ALJ failed to mention the occupation of office helper in the 2012 decision and it is clear from a review of the record that the ALJ relied upon the VE testimony from the previous administrative proceedings.  Appellant contends that the ALJ erred by relying upon the VE testimony from the prior administrative proceeding without incorporating the prior testimony into the record.  Specifically, Mr. Holzworth argues that because the ALJ's hypothetical to the vocational expert at the second hearing did not include the same limitations as the ALJ ultimately included within Plaintiff's residual functional capacity (RFC), substantial evidence does not support the ALJ's finding that Plaintiff could work as a final assembler and cutter-paster.  Thus, the ALJ erred at Step 5 of the required sequential analysis and Plaintiff urges this Court to reverse the decision and award benefits, or in the alternative, remand for further proceedings.  The Court is persuaded by Mr. Holzworth's arguments.

        The Court has reviewed the record and it is clear the ALJ relied upon the VE testimony from the 2010 administrative hearing and failed to disclose this in the 2012 decision.  It is also evident from the record that the hypothetical given to the VE at the second hearing does not match with the RFC in the ALJ's 2012 decision.  The Tenth Circuit has previously stated, "[t]estimony elicited by hypothetical questions that do not relate with precision to all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision."[17]  Defendant argues that some discrepancies in the RFC and hypothetical are due to a "scrivener's error" and that is not a basis for remand.[18]  When a scrivener's error does not affect

---

[16] Tr. 629.
[17] *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (quotations omitted).
[18] Op. p. 7.

the outcome of a case remand is not necessary.[19]  Here, however, the ALJ failed to disclose the reliance upon the prior VE testimony, so this is not a case of only a scrivener's error.  Further, the Appeals Council specifically ordered the ALJ to obtain supplemental evidence from a VE and clarify Mr. Holzworth's occupational base with accurate hypothetical questions.[20]  The ALJ did not comply with this directive.  The ALJ should have either incorporated the new VE testimony into the 2012 decision, or at a minimum, at least disclosed the fact that he was relying upon the prior VE testimony from 2010 that met the Appeals Council directive.[21]

Defendant argues that it is permissible for the Court to "mix and match," or in essence use the VE's testimony from the 2010 hearing as support for the ALJ's 2012 decision denying benefits.  Defendant asserts that an ALJ at a second hearing is not precluded from considering the VE's testimony from the first hearing and offers *Garza v. Apfel*[22] in support of this principle.  In *Garza* the Tenth Circuit stated that "[s]o long as the ALJ's findings about plaintiff's physical and mental limitations were reflected in the hypothetical question propounded to the VE at the first hearing, the ALJ could rely upon the first VE's testimony in determining at step five of the sequential analysis that plaintiff was not disabled."[23]  The Court finds this principle inapplicable in this case because in *Garza* the ALJ "determined that plaintiff's RFC had not changed since the first hearing and incorporated the testimony of the VE from that hearing into the record."[24]  Here, the ALJ failed to make any such finding concerning changes in Mr. Holzworth's RFC and failed to disclose the incorporation of the prior testimony.  Additionally, in remanding the 2010

---

[19] *See, e.g., Poppa v. Astrue*, 569 F.3d 1167, 1172 n.5 (10th Cir. 2009); *Ramsey v. Barnhart*, 117 F.App'x 638, 642 (10th Cir. 2004) (unpublished).
[20] Tr. 671.
[21] *See* 20 C.F.R. §§ 404.977(b), 416.1477(b), ("The administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order.").
[22] 162 F.3d 1173, 1998 WL 778041 (10th Cir. 1998).
[23] *Id.* at *3.
[24] *Id.* at *2.

decision this Court ordered a re-evaluation of Mr. Holzworth's RFC.  The ALJ failed to comply with this requirement in the 2012 decision.  Thus, the Court finds that the VE's testimony does not provide substantial evidence in support of the ALJ's Step 5 decision.

Finally, Mr. Holzworth urges the Court to reverse and award benefits.  The Court acknowledges that this case comes very close to an award of benefits on appeal because of the procedural errors.  But the Court declines to award benefits because there is not an overwhelming showing of disability.[25]  The Court therefore remands this matter for further proceedings and an administrative hearing before an ALJ other than the one who conducted the first two administrative hearings.

ORDER

Based upon the foregoing, the Court finds the Commissioner's decision is not supported by substantial evidence.  This matter is remanded for further proceedings consistent with this decision and the judgment of the Commissioner is REVERSED and REMANDED.  The Clerk of Court is directed to enter judgment and close this case.

DATED this 9 December 2014.

Brooke C. Wells
United States Magistrate Judge

---

[25] *C.f. Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (awarding benefits because disability was clearly established and remanding would "serve no useful purpose").